◼ In the Matter of the Claim of PHILOMENA BARBUTO, Respondent, against B & M NIAGARA CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier for death benefits to the widow of a deceased employee. The employer owned and operated apartment buildings in Buffalo, New York, and employed the decedent as a general maintenance man. On March 20, 1955 he fell down a flight of stairs on one of the employer's premises, and suffered severe head injuries and a ruptured spleen. He died a few days later from an unsuccessful operation to correct the condition caused by the ruptured spleen. It is the contention of the appellants that the record contains no substantial evidence to sustain the finding that the accident arose out of and in the course of decedent's employment. One of the principal witnesses in the claim was a tenant who testified that she asked decedent to repair a damaged window in her apartment, and decedent fell when he was carrying the window sash from the storeroom to the second floor. It seems to be undisputed that there was a window sash found leaning against the wall at the foot of the stairs after the accident. The tenant to whom we have referred made prior contradictory statements to a private detective and on the trial she explained the inconsistencies by stating that she was frightened. The record presents nothing but questions of fact as we view it. The board was not barred from accepting the testimony of the tenant which was favorable to the claim simply because she had made prior inconsistent statements. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

◼ In the Matter of the Claim of JOSEPH BODNAR, Respondent, against DONALD E. DAVIS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of the Workmen's Compensation Board. Claimant's left index finger has been amputated because of a malignant melanoma. Appellants contend: (1) that there is no evidence to sustain a board finding that on a day in August, 1953, claimant hit his left index finger with a hammer; and, (2) that there is no substantial evidence that a pre-existing melanoma was aggravated by the blow. Claimant was a carpenter, and testified that in driving nails he hit his left index finger with a hammer on several occasions. He mentioned one such incident in the "late summer or early fall" and shortly thereafter noticed that the finger was turning black underneath the finger nail. Because the immediate result was only temporary pain, claimant explains that he made no mental note of .the exact date. From this evidence and from the history given to a doctor, the board could draw an inference, supported by evidence, that a particular incident occurred in August. There was substantial medical evidence that either a series of traumas or a single trauma aggravated a pre-existing dormant melanoma. One doctor expressed it in this manner: "it changed a pre-malignant lesion into a malignant lesion", and thus necessitated the amputation. There is ample evidence in the record to present clear questions of fact and to support the board's determination of such questions. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.